IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM ANOTHONY SOLLA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 3:26-CV-1892-X-BT |
| | § | |
| MILESTONE CONSULTING, LLC, | § | |
| d/b/a Milestone/Pathway | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is pro se plaintiff Adam Anthony Solla's "Emergency Motion for Order to Show Cause, Expedited Consideration, Preservation of Records, Accounting, and Temporary Injunctive Relief." (Doc. 4). The motion is **DENIED** for the following reasons.

Plaintiff filed a complaint against Milestone Consulting LLC, alleging that Milestone is unlawfully holding settlement funds that he is entitled to.[1] According to Plaintiff, he "holds an approved" award of $18,662.40 in connection with the Boy Scouts of America Scouting Settlement Trust that was "established to provide relief to survivors of childhood sexual abuse, including Plaintiff."[2] Plaintiff alleges that his attorney—whom he has since terminated—put the funds into a settlement fund administered by Milestone, and Plaintiff wants Milestone to transfer the funds back

---

[1] *See generally* Doc. 1.

[2] *Id.* at 1.

to the Scouting Settlement Trust so that he can access them.[3] But Milestone has not transferred the funds back to the Scouting Settlement Trust.[4]

Along with his complaint, Plaintiff filed his "Emergency Motion for Order to Show Cause, Expedited Consideration, Preservation of Records, Accounting, and Temporary Injunctive Relief."[5]  He asks the Court to expedite consideration of this case, order Milestone to show cause why it should not return the funds to the Scouting Settlement Trust, and order Milestone to take other affirmative actions, such as providing an accounting of the funds, and preserving relevant records.[6]

Plaintiff seeks, in essence, an *ex parte* mandatory temporary restraining order. Temporary restraining orders are "extraordinary relief and rarely issued."[7] Mandatory preliminary relief is "particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."[8]  Federal Rule of Civil Procedure 65 governs injunctions and restraining orders.  Rule 65(b)(1) explains that a Court can issue an *ex parte* temporary restraining only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage, will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[9]

---

[3] *Id.* at 2.

[4] *Id.* at 2–3.

[5] Doc. 4.

[6] *Id.* at 1.

[7] *Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999).

[8] *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976).

[9] FED. R. CIV. P. 65(b)(1)(A)–(B).

2

Plaintiff has not met Rule 65(b)(1)'s requirements.  Nothing in his filings shows that "immediate and irreparable injury, loss, or damage" will result before Milestone can be heard in opposition to his request for injunctive relief.  And Plaintiff has failed to certify in writing the efforts he made to notify Milestone about his request for injunctive relief.  To the extent that Plaintiff suggests notice should not be required, the Court cannot agree on this record.  Plaintiff has not met Rule 65(b)(1)'s requirements for an *ex parte* temporary restraining order.

Nor has Plaintiff shown that a temporary restraining order is warranted on the merits.  For a district court to grant a request for a temporary restraining order, Plaintiff must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that the movant will suffer irreparable injury if the request is denied, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest.[10]  When considering the degree of threat that the movant faces, a presently existing actual threat must be shown.[11]  The Court cannot grant a request for injunctive relief "to prevent the possibility of some remote future injury."[12]

Here, Plaintiff's conclusory filing fails to address any of the elements for injunctive relief, so he is not entitled to a temporary restraining order.  (Doc. 4).

Finally, the Court will also deny Plaintiff's request for expedited consideration. The Court has discretion to "determine the order in which civil actions are heard and

---

[10] *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014).

[11] *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001).

[12] *Id.*

determined, except that the court shall expedite the consideration of any action" for good cause.[13]  Plaintiff does not show good cause to expedite consideration of his case. He does not show that his alleged injury cannot be remedied through ordinary judicial process.  The Court will consider Plaintiff's case in due course.

Therefore, the Court **DENIES** Plaintiff's "Emergency Motion for Order to Show Cause, Expedited Consideration, Preservation of Records, Accounting, and Temporary Injunctive Relief." (Doc. 4).

**SO ORDERED THIS** 12th day of June 2026.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[13] 28 U.S.C. § 1657(a).

4