IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM ANTHONY SOLLA, Plaintiff, | § | |
| v. | § | No. 3:26-cv-01892-X (BT) |
| MILESTONE CONSULTING LLC, d/b/a MILESTONE/PATHWAY Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiff Adam Anthony Solla seeks to proceed in forma pauperis (IFP) on his appeal of the Court's order denying his motion for a preliminary injunction. *See* NOA (ECF No. 41); MIFP (ECF No. 42). The District Judge should deny Solla's motion.

This Court may authorize a person to proceed IFP—that is, without the prepayment of fees—when it determines the person cannot afford the fees. 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). And the Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016).

The Court denied Solla's motion to proceed IFP before the district court, concluding that "Plaintiff's monthly income places his household well above the

poverty guideline and is sufficient to cover the costs of the filing fee." Ord. Accepting FCR (ECF No. 20) (quoting ECF No. 16 at 2). Solla then paid the $405.00 filing fee.

Solla now moves to proceed IFP on appeal, arguing that his monthly disability income of $4,650.00 is not enough to pay the $605.00 appellate filing because his monthly expenses "substantially exceed his disability income." MIFP at 1. He maintains that he has no vehicles, stocks, bonds, or other equity to help pay the filing fee. Affidavit at 2 (ECF No. 42-1). He has a wife and college-aged daughter, both of whom depend on him for support. *Id.* He identifies monthly expenses of $6,264.41. *Id.* This includes $2,964.41 for housing, $1,000 for food and household supplies, $1,700 for utilities and communication, and $600 for medical and dental expenses. *Id.*

The Court finds that Solla's monthly disability income is sufficient to pay the appellate filing fee, even assuming his expenses are legitimate. Solla's annual income of $55,800 is well above the federal poverty guideline for a three-person household in Texas, currently set at $27,320. https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited August 27, 2026); *see also Guinn v. United States*, 2023 WL 2769450, at *2 (S.D. Miss. Mar. 7, 2023) ("In evaluating whether a request to proceed IFP should be granted, courts often look to the Poverty Guidelines issued annually by the United States Department of Health & Human Services.") (citation omitted),

*rec. accepted* 2023 WL 2762026 (S.D. Miss. Apr. 3, 2023); *Berrios v. Magnus*, 2022 WL 2677010, at *1 (W.D. Tex. June 21, 2022) (same).

That Solla's expenses exceed income is not necessarily determinative. *Guinn*, 2023 WL 2769450, at *2. "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *McCoy v. Colvin*, 2013 WL 868682, at *2 (W.D. Ark. Mar. 7, 2013). Here, Solla has not shown that payment of the $605.00 filing fee will result in the kind of financial hardship needed to justify IFP status because he receives $55,800 a year—more than twice the federal poverty guideline figure for a three-person household in Texas. He has the means to pay the fee even if he chooses to allocate his resources in a way that makes payment burdensome.

Thus, the District Judge should **DENY** Solla's motion for leave to proceed IFP on appeal (ECF No. 42). The District Judge should remind Solla that he may challenge the denial of his IFP motion by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within thirty days after service of the notice of denial required by Fed. R. App. P. 24(a)(4).

**SO RECOMMENDED**.

Signed August 27, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).