UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM ANTHONY SOLLA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 3:26-CV-1892-X-BT |
| | § | |
| MILESTONE CONSULTING LLC, | § | |
| d/b/a MILESTONE PATHWAY, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) (Doc. 43) in response to Plaintiff Adam Solla's Motion for Leave to Proceed in forma pauperis in this case. (Doc. 42). Solla filed an objection. (Doc. 44). The Court must conduct a *de novo* review of the portions of the FCR to which an objection was made.[1] After conducting a *de novo* review of the objected-to portions of the FCR, the Court **OVERRULES** all objections.

Solla raises five objections to the FCR. First, he argues that the FCR treats the poverty-guideline comparison as "effectively dispositive."[2] However, the FCR uses the poverty guidelines as a benchmark. It notes that Solla "has the means to pay the fee even if he chooses to allocate his resources in a way that makes payment burdensome."[3] The poverty guidelines reinforce this. Solla, by his own admission,

[1] 28 U.S.C. § 636(b)(1).

[2] Doc. 44 at 1.

[3] Doc. 43 at 3.

makes $4,650 monthly, which adds up to $55,800 yearly.[4] This is more than two times the poverty guideline for a three-person household, which is currently $27,320.[5] Because Solla earns more than twice the amount considered "impoverished" for a family his size, paying a $605 filing fee would not cause "undue financial hardship"[6] warranting a waiver of the fee requirement. So the FCR is correct to find that Solla is equipped to pay the filing fee but chooses to spend his money in other ways, and none of the cases Solla cites indicates otherwise.[7]

Solla's second and third objections argue that the FCR does not reconcile Solla's monthly costs with its ability-to-pay conclusion, and that the "allocation" rationale the FCR uses "is not supported by a finding that any identified expense is discretionary."[8] Solla states that his "expenses exceed stated income by $1,614.41 each month," and that the FCR "identifies no available source and no discretionary expenditure from which the fee can be paid without hardship."[9] But this is not a fault of the FCR. As the FCR notes, "Section 1915 is designed to protect those litigants

---

[4] *See* Doc. 43 at 2–3; Doc. 44 at 1.

[5] *See* Doc. 43 at 2.

[6] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

[7] Solla cites *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988), *Gibbs v. Jackson*, 92 F.4th 566 (5th Cir. 2024), and *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), but none of them help him. In *Prows*, the Fifth Circuit affirmed the District Court's determination that a person making between $125 and $145 a month was required to pay a $60 filing fee. *Prows*, 842 F.2d at 140. In *Gibbs*, the Fifth Circuit found that a person with $140.43 in his trust account could not be required to pay the $450 filing fee. And in *Adkins*, the Supreme Court found that a seventy-four-year-old widow whose only asset was a home worth around $3,450 and whose only income was "rent from parts of her home" could proceed IFP when the filing fee was around $4,000. In all these cases, the filing fee was a much higher percentage of income for the person requesting to proceed IFP than it is for Solla here.

[8] *See* Doc. 44. at 1–2.

[9] Doc. 44 at 2.

who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner."[10] Solla allegedly spends $2,964.41 each month on housing; $1,700 each month on "utilities and communications;" and $600 each month on "medical and dental expenses;" plus an undisclosed amount on "transportation and travel expenses."[11] Nowhere does he provide more detail as to *why* his monthly housing costs are three-fourths of his monthly income; why he spends $1,700 on utilities and communications; or why his medical and dental bills add up to over $500 monthly. As noted above, these costly expenses indicate that Solla "chooses to allocate his resources in a way that makes payment burdensome."[12] Solla cannot merely assert (high) costs and expenses as mandatory ones and demand that the Court accept them.

Solla's fourth objection to the FCR is that "prior payment of the $405 district-court opening fee does not establish present ability to prepay a separate appellate fee."[13] Yet the FCR does not treat his previous ability to pay as dispositive of his current ability to pay. It mentions that fact only to recount the history of the case.

Solla's fifth objection to the FCR is that it "does not apply the controlling necessities of life/undue hardship standard to the figures it accepts."[14] Yet this

---

[10] Doc. 43 at 3 (quoting *McCoy v. Colvin*, 2013 WL 868682, at *2 (W.D. Ark Mar. 7, 2013)).

[11] Doc. 42 at 4.

[12] Doc. 43 at 3.

[13] Doc. 44 at 2.

[14] *Id.* (cleaned up).

regurgitates his second and third objections. Solla is correct to note that he does not need to be destitute to qualify for IFP status.[15] Yet just because he chooses to spend an amount $1,614.41 in excess of his monthly income does not mean he automatically qualifies for IFP status. The Court is not required to assume that a plaintiff whose annual expenses for his household of three totals $75,168 engages in no discretionary spending such that he should have IFP status.

Having conducted a *de novo* review of the objected-to portions of the FCR, and finding no error, the Court therefore **ACCEPTS** the FCR and **ADOPTS** its findings, conclusions, and recommendation. Accordingly, the Court **DENIES** Solla's Motion for Leave to Proceed in forma pauperis. (Doc. 42).

**IT IS SO ORDERED** this 16th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[15] *See* Doc. 44 at 2.